Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br>Recurrido<br><br><br>v.<br><br><br>JOSÉ A. VILLODAS CHAMORRO<br>Peticionario | KLCE202401001 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Caso Núm.<br>J LA2013G0480<br><br>Sobre:<br>Art. 5.07 Pos/uso ilegal armas autmtca/escpta |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de octubre de 2024.

Acude ante nosotros el señor José A. Villodas Chamorro, (Sr. Villodas Chamorro o peticionario), quien se encuentra confinado en una institución carcelaria, por derecho propio, solicitando que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, (TPI), el 26 de agosto de 2024. Mediante dicho dictamen el foro primario declaró *No Ha Lugar*, un escrito presentado por el peticionario titulado *Solicitud de reconsideración de sentencia mediante la aplicación de la pena en casos de agravantes del Código Penal 2012*. Inconforme, el 16 de septiembre de 2024, el peticionario instó el recurso de *certiorari* ante nuestra consideración.

A poco de examinar el referido *recurso*, compuesto por tan solo dos páginas y algunos folios en el apéndice, nos percatamos de que incumple sustancialmente con varios de los requerimientos exigidos por la Regla 34 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. 4 LPRA Ap. XXII-B, R. 34. La citada regla exige que en el escrito de

*certiorari* se incluya un apéndice y detalla los documentos que deberán formar parte de éste. Entre tales documentos, el apéndice contendrá: la decisión del Tribunal de Primera Instancia cuya revisión se solicita; una copia literal de los escritos de cualquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari,* o que sea relevante y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia. 4 LPRA Ap. XXII-B, R. 34(E)(1)(b)(d)(e). En el apéndice del recurso ante nuestra consideración al menos fue incluida copia de la moción instada por el peticionario ante el TPI que inició el proceso, y copia de la *Resolución* cuya revocación se nos solicita, pero ninguna otra documentación relevante a la controversia a resolver.

Por otra parte, el ordenamiento procesal apelativo exige que la petición de *certiorari* contenga un señalamiento de errores, con su correspondiente discusión, advirtiéndose que todo señalamiento de error omitido o no discutido se tendrá por no puesto y, por tanto, el foro apelativo no considerará el mismo. Constituye norma claramente establecida que la alegación de un error, que luego no se fundamenta o discute, no debe ser motivo para revisar, modificar o de alguna forma cambiar una decisión del Tribunal de Primera Instancia. *Quiñones López v. Manzano Pozas,* 141 DPR 139, 165 (1996). Tampoco se cumple aquí con tal exigencia reglamentaria. Sépase que nuestro Tribunal Supremo ha advertido que el que una parte comparezca por derecho propio, por sí solo, no justifica que incumpla con las reglas procesales. *Febles v. Romar,* 159 DPR 714, 722 (2003).

A pesar de lo dicho, *motu proprio* requerimos al foro recurrido el expediente del peticionario, para darnos a la tarea de establecer un tracto procesal del asunto que ha llegado ante nuestra consideración.

Hecho tal ejercicio, hemos tropezado con un obstáculo que nos impide continuar su consideración, y explicamos en los párrafos siguientes.

En su recurso de *certiorari* el peticionario alude a la Regla 185 de Procedimiento Criminal[1], 34 LPRA Ap. II, R. 185, como fundamento legal para solicitar que corrijamos la sentencia condenatoria que se le impuso y se encuentra cumpliendo. Junto a esto, hace referencia al principio de favorabilidad[2] para reclamar que procede que reduzcamos la referida

---

[1]La Regla 185 de Procedimiento Criminal, *supra*, establece las circunstancias en las que el tribunal sentenciador podrá corregir o modificar una sentencia previamente dictada, en lo pertinente:

> *(a) Sentencia ilegal; redacción de la sentencia. — El tribunal sentenciador podrá corregir una sentencia ilegal en cualquier momento. Asimismo podrá, por causa justificada y en bien de la justicia, rebajar una sentencia dentro de los noventa (90) días de haber sido dictada, siempre que la misma no estuviere pendiente en apelación, o dentro de los sesenta (60) días después de haberse recibido el mandato confirmando la sentencia o desestimando la apelación o de haberse recibido una orden denegando una solicitud de certiorari.*
>
> *(b) Errores de forma. — Errores de forma en las sentencias, órdenes u otros documentos de los autos y errores en el expediente que surjan por la inadvertencia u omisión podrán corregirse por el tribunal en cualquier momento, y luego de notificarse a las partes, si el tribunal estimara necesaria dicha notificación.*
>
> *(c) Modificación de sentencia. — El tribunal podrá modificar, a solicitud por escrito del Ministerio Público, previa autorización del Jefe de Fiscales en consulta con el Secretario de Justicia, una sentencia de reclusión cuando el convicto coopere en una investigación o procesamiento criminal, en cumplimiento con el Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011 y con los requisitos del Artículo 11 del Código Penal de Puerto Rico.*

[2]Como norma general, la ley aplicable a unos hechos delictivos es aquella vigente al tiempo de cometerse el delito. *Pueblo v. González*, 165 DPR 675, 684 (2005); *Pueblo v. Rexach Benítez*, 130 DPR 273, 301 (1992). La excepción a esta norma es el principio de favorabilidad consagrado en el Art. 4 del Código Penal de 2012, 33 LPRA sec. 5004, el cual establece lo siguiente:

> La ley penal tiene efecto retroactivo en lo que favorezca a la persona imputada de delito. En consecuencia, se aplican las siguientes normas:
>
> > *(a) Si la ley vigente al tiempo de cometerse el delito es distinta de la que exista al procesar al imputado o al imponerle la sentencia, se aplicará siempre la ley más benigna.*
> > *(b) Si durante el término en que la persona está cumpliendo la sentencia entra en vigor una ley más benigna en cuanto a la pena o al modo de ejecutarla, se aplicará retroactivamente.*
> > *(c) Si durante el término en que la persona está cumpliendo la sentencia entra en vigor una ley que suprime el delito, o el Tribunal Supremo emite una decisión que despenalice el hecho, la pena quedará extinguida y la persona liberada, de estar recluida o en restricción de libertad.*
> > *En estos casos los efectos de la nueva ley o de la decisión judicial operarán de pleno derecho.*

En esencia, el principio de favorabilidad establece que cualquier acusado tiene derecho a recibir el beneficio provisto por una ley posterior, siempre que ello resulte más favorable que lo dispuesto en la ley vigente al momento de la supuesta comisión de los hechos. *Pueblo v. Hernández García*, 186 DPR 656, 673 (2012); *Pueblo v. González*, supra, pág. 685. Dicho de otra manera, este principio "ordena la aplicación retroactiva de leyes penales más favorables, lo que, a su vez, implica aplicar una ley cuya vigencia es posterior al acto u omisión realizado". *Pueblo v. González*, supra, pág. 685.

sentencia. A tenor con dicho principio de favorabilidad, arguye que procede ajustar la pena que se le impuso, disminuyéndola por cuatro años y seis meses, en correspondencia con los postulados del Código Penal de 2012 sobre el agravante a considerar, que sería la ley más beneficiosa.

Al examinar los autos originales que requerimos del TPI, surge que, el 20 de febrero de 2014, dicho foro dictó sentencia contra el señor Villodas Chamorro, imponiéndole seis años de cárcel por infracción al Artículo 6.01 de la Ley de Armas, y treinta y seis años de cárcel por infracción al Artículo 5.07, también de la Ley de Armas, Ley Núm. 404-2000, según enmendada, a ser cumplidas consecutivas entre sí, para un total de cuarenta y dos años.

Sin embargo, también surge del mismo expediente alzado que, **el 19 de junio de 2017**, el peticionario presentó ante el TPI una *Moción* por derecho propio, en la que, entre otros asuntos, invocó las Reglas 185 y 192.1[3] de Procedimiento Criminal, para solicitar la corrección de las penas impuestas, al entender que debían ser reducidas por ser desproporcionadas y exageradas, no atendiendo atenuantes.

A raíz de lo cual, el 11 de julio de 2017, el TPI declaró *No Ha Lugar* la referida moción del peticionario, en la que solicitó la reducción de las penas impuestas.

No surge del expediente ante nosotros que el peticionario hubiese solicitado la revisión de dicho dictamen *post* sentencia emitido por el foro primario, denegando la solicitud para que se corrigiera la *Sentencia*

---

Ahora bien, es preciso señalar que el referido principio no es absoluto, ya que al carecer de rango constitucional está dentro de la prerrogativa total del legislador. *Pueblo v. González,* supra, pág. 686. Mediante la incorporación de las cláusulas de reserva en los cuerpos legales penales, se ha advertido la intención del legislador de imponer limitaciones al principio de favorabilidad. *Pueblo v. González,* supra, págs. 698-699. Particularmente, el Tribunal Supremo de Puerto Rico ha pronunciado que:

> ...por medio de cláusulas de reserva generales aplicables a todas las leyes penales derogadas, enmendadas o reinstaladas, se estableció que al aprobar una nueva ley penal la intención legislativa no es suprimir los procedimientos iniciados -y que a[ú]n no hubiesen advenido finales- sino la supresión de éstos a menos que la Legislatura lo dispusiera así expresamente. *Pueblo v. Torres Cruz,* 194 DPR 53, 61 (2015); *Pueblo v. González,* supra, pág. 687.

[3] 34 LPRA Ap. II, R. 192.1.

condenatoria impuesta. De lo próximo que da cuentas el expediente es que, el 24 de julio de 2024, pasados unos siete años desde que se denegó su petición de rebaja de la pena, una vez más el peticionario instó otra *Moción* ante el tribunal *a quo* reiterando tal rebaja de su condena, invocando nuevamente la Regla 185 de Procedimiento Criminal, *supra*. Como se nota, esta segunda moción del señor Villodas Chamorro trata de una reproducción de los argumentos que hizo en la Moción de junio de 2017, por los cuales juzga que deberíamos conceder la rebaja en su sentencia.

No podemos acceder a la pretensión del peticionario, en tanto no ha cambiado el ordenamiento penal desde que presentó su primera moción de reducción de condena en el 2017, que fue denegada por el TPI, sin que fuera revisada por este foro intermedio. El peticionario no incorpora una nueva alegación o alude a legislación particular que opte en favor de la reproducción de un argumento que ya fue adjudicado en el 2017, sin que se solicitara algún remedio apelativo a dicho dictamen. A excepción de que acontezca alguna circunstancia legal distinta a la que prevalece al momento, y justifique otra petición para considerar la reducción de la pena, el peticionario está impedido de seguir solicitando tal remedio mediante la reproducción de argumentos ya adjudicados.

Por las razones expuestas, procede denegar expedir el auto solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones